UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MCDONALD'S USA, LLC
One McDonald's Plaza
Oak Brook, IL 60523-1900,

           Plaintiff,

MCDONALD'S REAL ESTATE COMPANY
One McDonald's Plaza
Oak Brook, IL 60523-1900

           Plaintiff,

v.

WILLIE T. CRAFT,
d/b/a DEAN AVENUE CLEANERS
4309 Nannie Helen Burroughs Avenue, N.E.,
Washington, DC 20019,

           Defendant.

Case No.: _____

**VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

    COMES NOW Plaintiffs McDonalds USA, LLC and McDonald's Real Estate Company (jointly "Plaintiffs" or "McDonald's"), by and through undersigned counsel, and in accordance with Fed. R. Civ. Pro. 65 and LCvR 65.1 and the equitable powers of this Court, request that the Court enter a Preliminary Injunction and Temporary Restraining Order, and in support thereof, state:

**PARTIES**

    1.    Plaintiff McDonald's Real Estate Company is a Delaware corporation with its principal place of business in Oak Brook, Illinois. (*See,* Declaration of Brian Tabb ("McDonald's Dec.") ¶ 3.)

1

2. Plaintiff McDonald's USA, LLC is a Delaware limited liability company with its principal place of business in Oak Brook, Illinois. (*See*, McDonald's Dec. ¶ 2.)

3. Defendant Willie T. Craft d/b/a Dean Avenue Cleaners ("Defendant") operates the business(es) located a 4309 Nannie Helen Burroughs Avenue, NE in Washington, D.C. (*See*, Declaration of Carlos Mateos ("Franchisee Dec.") ¶ 4.)

## JURISDICTION AND VENUE

4. Jurisdiction in this Federal Court is proper in this matter pursuant to 28 U.S.C. § 1332(a).

5. Venue in this Federal Court is proper in this matter pursuant to 28 U.S.C. § 1391(c).

## FACTS

6. McDonald's Real Estate Company is the owner of the property located at 4301 Nannie Helen Burroughs Avenue, NE, Washington, D.C. (*See*, McDonald's Dec. ¶ 3.)

7. McDonald's USA, LLC is the franchisor and lessor of the Restaurant to franchisee and operator Carlos Mateos (the "Franchisee"). (*See*, McDonald's Dec. ¶ 2.)

8. The Franchisee operates the Restaurant under the corporate name of FEC Enterprises, LLC pursuant to a franchise agreement with McDonald's USA, LLC. (*See*, McDonald's Dec. ¶ 10; Declaration of Carlos Mateos ("Franchisee Dec.") ¶¶ 1-3.)

9. The Restaurant began operations in 1966. (*See*, McDonald's Dec. ¶ 4.)

10. The site plan established a single water line and water meter that served the Restaurant and the adjacent commercial property at 4309 Nannie Helen Burroughs Avenue, NE in Washington D.C. (the "4309 Property"). (*See*, McDonald's Dec. ¶ 5.)

11. The shared water line ran (and still runs) directly through the 4309 Property. (*See*, McDonald's Dec. ¶ 6.)

12. In November 1974 McDonald's Real Estate Company's predecessor-in-interest recorded a subdivision plat and sold the 4309 Property to Defendant for commercial use. (*See*, McDonald's Dec. ¶ 7.)

13. At the time of the sale in November 1974 arrangements were made with the then D.C. Government Water Operations Department – Meter Branch to have a separate water meter installed for the Restaurant's use. (*See*, McDonald's Dec. ¶ 8.)

14. At the time of the sale of the 4309 Property to Defendant the parties were aware that a shared water line served both properties. (*See*, Exhibit 1, 1974 Sales Correspondence; McDonald's Dec. ¶ 9.)

15. The only way in which the Restaurant can currently access the municipal water supply is through the pipe it has shared with the 4309 Property for over fifty years and with the Defendant for over forty years. (*See*, Franchisee Dec. ¶ 27.)

16. McDonald's USA, LLC entered into a franchise agreement with the Franchisee in 2002. (*See*, McDonald's Dec. ¶ 10; Franchisee Dec. ¶ 1-3.)

17. Defendant operates business(es) adjacent to the Restaurant, at the 4309 Property (*See*, Franchisee Dec. ¶ 4.)

18. The Franchisee consistently paid his monthly water bill to DC Water since he became the Franchisee in 2002. (*See*, Franchisee Dec. ¶¶ 6 and 12.)

19. Upon information and belief, Defendant first reported to DC Water in October 2012 that DC Water was billing both the Restaurant and Defendant for the Restaurant's water usage. (*See*, Franchisee Dec. ¶ 7.)

20. The Franchisee consistently paid his monthly water bill to DC Water since he became the Franchisee in 2002. (*See*, Franchisee Dec. ¶¶ 6 and 12.)

21. In response to a claim by Defendant on January 21, 2015, DC Water provided Defendant with a credit that, upon information and belief, was in the amount of $8,920.84, to cover the Defendant's alleged overpayment for the time period from March 2013 to November 2014. (*See*, Franchisee Dec. ¶ 7.)

22. DC Water further instructed the Franchisee to remove the sub-meter installed in April 1975 and install a new private meter from which readings could be taken and presented to Defendant who could then bill the Restaurant for its proportionate share of the water bill. (*See*, Franchisee Dec. ¶ 9.)

23. DC Water, as a courtesy, from January 2014 through February 2016, calculated the water usage for the Restaurant and Defendant and billed each entity separately. (*See*, Franchisee Dec. ¶ 8.)

24. After DC Water stopped voluntarily billing the Restaurant and Defendant separately, Defendant sent the Franchisee a letter dated April 13, 2016, attaching the DC Water bill from March, 2016 and requesting that the Franchisee pay 60% of the total bill. (*See*, Exhibit 2, April 13, 2016 Letter; Franchisee Dec. ¶ 10.)

25. The Franchisee agreed to this arrangement and has paid 60% of the joint water bill every month since April 2016. (*See*, Exhibit 3, Proof of Payment; Franchisee Dec. ¶ 11.)

26. Plaintiff received correspondence from Defendant's counsel on January 10, 2017 regarding an alleged "outstanding debt." Counsel demanded that the Franchisee pay $308,936 or his client will "…shut off the water valve on the Craft property within ten (10) days…" (i.e.,

January 20, 2017). (*See*, Exhibit 4, Defendant's Demand Letter; McDonald's Dec. ¶ 11; Franchisee Dec. ¶¶ 13-14.)

27. There is no outstanding bill owed to Defendant for water usage at the Restaurant. (*See*, Franchisee Dec. ¶¶ 6 and 12.)

28. The Restaurant has an active District of Columbia Business License – Restaurant, License No. 50009736. (*See*, Franchisee Dec. ¶ 15.)

29. The Business License for the Restaurant is issued and subject to ongoing compliance with the District of Columbia Food Code, DCMR 25-A. (*See*, Franchisee Dec. ¶ 16);

30. If Defendant shuts off the water the Restaurant will be forced to close to avoid operating in violation of the District of Columbia Food Code. (*See*, McDonald's Dec. ¶ 12; Franchisee Dec. ¶ 17.)

31. The Restaurant operates 365 days a year, 24 hours a day. (*See*, Franchisee Dec. ¶ 18.)

32. If the Restaurant were forced to close its doors, the Franchisee would lose daily sales of approximately $8,800 per day. McDonald's USA, LLC would also see losses to the service fee Franchisee pays McDonald's USA, LLC, which is based on the Restaurant's gross sales, pursuant to the Franchise Agreement. (*See*, McDonald's Dec. ¶¶ 14; Franchisee Dec. ¶¶ 19.)

33. Fifty (50) employees work at the Restaurant, with approximately twenty-six (26) working on any given day and generating wages totaling, approximately $2,466.88 per day. (*See*, Franchisee Dec. ¶¶ 20-21.)

34. The Restaurant handles approximately 1,500 transactions per day and serves approximately 3,000 customers per day. (*See*, Franchisee Dec. ¶ 22.) The immediate and

indefinite closure of the Restaurant will result in incalculable and substantial losses to patronage at the Restaurant.

## COUNT ONE
## INJUNCTIVE RELIEF

35. Plaintiffs incorporate by reference as though fully set forth herein, each and every preceding paragraph of this Complaint.

36. If Defendant shuts off the flow of water to the Restaurant, Plaintiffs will suffer from actual and immediate irreparable injury.

37. Defendant's threat to restrict and/or deprive the Restaurant of running water would cause immediate irreparable harm and business losses, give rise to breach of contract claims, loss of future sales, jeopardize the business license for the Restaurant, cause immediate irreparable harm to the McDonald's brand and good will of the business in the community, and result in the loss of fifty (50) jobs to employees working at the Restaurant.

38. The Restaurant may be subject to citation, public reprimand, and suspension and/or revocation of its business license for failure to have running water.

39. No harm will be done to Defendant if the injunction is granted as it would maintain the status quo and will not deprive him of water at his business and does not place any burden on Defendant to pay for the water usage by the Restaurant. The impact of granting the preliminary injunction will only provide a positive effect on the public as it will ensure that the public is protected from any unexpected and unintended health hazard created as a result of an unanticipated restriction or denial of water to the Restaurant by Defendant.

40. The public will be best served by granting of the requested Preliminary Injunction and Temporary Restraining Order enjoining Defendant from restricting and/or depriving the Restaurant of its access to the municipal water supply via the shared water pipe.

## COUNT TWO
## DECLARATORY RELIEF

41. Plaintiffs incorporate by reference as though fully set forth herein, each and every preceding paragraph in this Complaint.

42. An actual controversy has arisen and now exists between Plaintiffs and Defendant, and each of them, concerning their respective rights and duties to the water line as real property in that the Plaintiffs contend that they have an implied reservation of an easement in the water line running beneath the 4309 Property.

43. Plaintiffs subdivided the property and sold a servient estate to Defendant over forty (40) years ago with the understanding between and among all parties that the properties (both the Restaurant and the 4309 Property) shared a single water line.

44. The understanding of the parties at the time of the sale was that the Restaurant would continue its use of the shared water line and retain the easement over the land purchased pursuant to strict necessity.

45. Plaintiffs seek a judicial determination of whether it has an enforceable interest in the subject water line in order that Plaintiffs may ascertain their rights to unencumbered use of the water line.

46. A judicial determination of the rights and responsibilities of the parties over the real property in question is necessary and appropriate at this time in that the uncertainty over the issue of whether Plaintiffs have an enforceable easement is hindering final resolution of the claims as brought forth herein.

WHEREFORE, Plaintiffs McDonald's USA, LLC and McDonald's Real Estate Company demand judgment against Defendant Willie T. Craft d/b/a Dean Avenue Cleaners to include:

a) Injunctive relief preventing Defendant from restricting and/or depriving the Restaurant of its access to the municipal water supply via the shared water pipe;

b) Temporary Restraining Order to achieve the above-requested relief;

c) Declaratory relief recognizing Plaintiffs' implied reservation of an easement in the water line running beneath the 4309 Property;

d) Costs and attorneys' fees; and

e) Such other and further relief as this Court deems appropriate.

Dated this   18th   day of January, 2017.

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

Joseph J. Bottiglieri, Bar No. 418523
Jennifer B. Shomshor, Bar No. 1033165
1233 20th Street, N.W., Suite 800
Washington, D.C. 20036
Telephone:  (202) 712.7000
Facsimile:  (202) 712-7100
E-Mail:  jbottiglieri@bonnerkiernan.com
E-Mail:  jshomshor@bonnerkiernan.com
*Counsel for Plaintiff McDonald's USA, LLC and McDonald's Real Estate Company*

## VERIFICATION

I, Brian Tabb, as a duly authorized representative for Plaintiffs, McDonald's USA, LLC and McDonald's Real Estate Company, Delaware corporations, verify this Complaint on behalf of Plaintiffs, and that I have read the foregoing Complaint and the facts stated therein are true and correct to the best of my knowledge and belief.

Dated: this 18th day of January, 2017.

McDonald's USA, LLC and McDonald's Real Estate Company

By: _____

SUBSCRIBED AND SWORN TO BEFORE ME by LISA Cooksey on this day of 1-18-____, 2017.

_____
Notary Public In and For
The State of Maryland

My Commission Expires: May 9, 2018

LISA COOKSEY
NOTARY PUBLIC
MONTGOMERY COUNTY
MARYLAND
MY COMMISSION EXPIRES MAY 9, 2018