# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MCDONALD'S USA, LLC, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 17-cv-00119 (APM) |
| ) | |
| **WILLIE T. CRAFT,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Willie T. Craft has moved to dismiss Plaintiffs McDonald's USA, LLC, and McDonald's Real Estate Company's Complaint for failure to state a cognizable claim.

The dispute here arises from shared use of a single water line that services both parties' properties.[1] *See* Compl., ECF No. 1 [hereinafter Compl.], ¶¶ 10–15. Defendant, on whose property the water line originates, allegedly threatened to shut off the water to Plaintiffs' property on the theory that Plaintiffs owed Defendant money for water that had been inappropriately billed to him. *See id.* ¶¶ 24–27. Defendant now moves to dismiss Plaintiffs' Complaint on the ground that the allegations therein do not entitle Plaintiffs to relief because (1) no implied easement to the shared water line exists, given that Defendant was unaware there was a shared water line at the time the property was purchased, and (2) no prescriptive easement to the shared water line exists, as Plaintiffs' representations that they would install their own water meter negate any claim of necessity. *See* Def.'s Mot. to Dismiss, ECF No. 9, at 5.

---

[1] The court recognizes only Plaintiff McDonald's Real Estate Company owns the property on which the involved McDonald's franchise operates, *see* Compl., ECF No. 1, ¶ 6, but will refer to that property as collectively owned by Plaintiffs for ease of reference.

On January 18, 2017, Plaintiffs sought and the court entered a Temporary Restraining Order, enjoining Defendant from taking any action that would restrict or deprive Plaintiffs' property of water. *See* Order, ECF No. 4. Plaintiffs filed a Motion for a Preliminary Injunction, which the court granted on February 13, 2017. *See* Order, ECF No. 14. Defendant filed the present Motion to Dismiss four days before the hearing on the preliminary injunction, and although Plaintiffs filed their Opposition in time to discuss the merits of this matter at that hearing, the parties declined to address the merits at that time. *See* Oral Hearing Tr. (rough draft), at 2–3.[2]

Accordingly, the court now turns to Defendant's Motion to Dismiss.

I

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept a plaintiff's factual allegations as true and "construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). The court need not accept as true either "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences . . . unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual

---

[2] A final transcript of the hearing held on February 13, 2017, is not yet available.

2

allegations in the complaint need not be "detailed"; however, the Federal Rules demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* If the facts as alleged fail to establish that a plaintiff has stated a claim upon which relief can be granted, then a court must grant the defendant's Rule 12(b)(6) motion. *See Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

II

The court is satisfied that Plaintiffs' Complaint sets out sufficient factual allegations to state a plausible claim for relief.

Plaintiffs have sufficiently pleaded that they have an implied reservation of an easement in the shared water line at issue in this matter.[3] Under the law of the District of Columbia, an implied easement can arise in one of two ways—by grant or reservation. "In the case of implied reservations of easement, the owner has subdivided but retained possession of the dominant estate, impliedly reserving use of a portion of the servient estate for his benefit." *Martin v. Bicknell*, 99 A.3d 705, 708 (D.C. 2014). To properly allege the existence of implied reservations of easement, "the owner of the dominant estate must show that the implied easement is strictly necessary." *Id.* Here, the Complaint alleges that "Plaintiffs subdivided the property and sold a servient estate to Defendant . . . with the understanding between and among all parties that the properties . . . shared *a single water line*" that Plaintiffs would continue to use. Compl. ¶¶ 43–44 (emphasis added). Plaintiffs further explained that without access to the single water line, Plaintiffs' restaurant would be forced to close. *Id.* ¶ 15; *see id.* ¶ 41. Accordingly, Plaintiffs have properly alleged that they

---

[3] The Complaint sets out two claims for relief. *See* Compl. at 6–8. Count I pertains to injunctive relief, which the court already entered by granting Plaintiffs' Motion for a Preliminary Injunction. Accordingly, Count II—which seeks declaratory relief—is the only aspect of the Complaint still at issue for purposes of Defendant's Motion to Dismiss.

are the owners of a dominant parcel of land that shares access to water with the servient parcel, and access to that single water source is necessary for the continued operation of their business. That is a facially plausible claim for declaratory relief regarding the respective rights and duties as to the water line.  *See Iqbal*, 556 U.S. at 678; *Martin*, 99 A.3d at 708.

Defendant makes no argument that the Complaint is deficient.  Instead, Defendant disputes the facts *underlying* Plaintiffs' Complaint.[4]  This is not the proper litigation stage for that type of debate.  Any factual wrinkles Defendant wishes to iron out are best left for summary judgment.

### III

In light of the foregoing, the court denies Defendant's Motion to Dismiss.

Date:  March 1, 2017

Amit P. Mehta
United States District Judge

---

[4] Plaintiffs' Complaint does not reference or otherwise implicitly rely on documents outside the four corners of the Complaint.  Thus, the documents attached to Defendant's Motion are not documents upon which the Complaint "necessarily relies," and the court declines to consider them when ruling on Defendant's Motion to Dismiss.  *See Ward*, 768 F. Supp. 2d at 119 (internal quotation marks omitted).  Even if the court were to consider those documents, they do not negate Plaintiffs' successful pleading of a plausible claim.