UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**MCDONALD'S USA, LLC, et al.**     )
                                    )
    **Plaintiffs,**              )
                                    )
    v.                          )    Case No. 17-cv-00119 (APM)
                                    )
**WILLIE T. CRAFT,**                )
                                    )
    **Defendant.**              )
_____ )

## MEMORANDUM OPINION

    This matter comes before the court on Plaintiffs McDonald's USA, LLC, and McDonald's Real Estate Company's "Motion for Rule 37 Sanctions or in the Alternative for Judgment on the Pleadings." Pls.' Mot. for Rule 37 Sanctions or for J. on Pleadings, ECF No. 39 [hereinafter Pls.' Mot.]. The court issued a notice to Defendant Willie T. Craft, who is proceeding pro se,[1] that his failure to respond to the Motion or to seek additional time to respond might result in the court granting Plaintiffs' Motion and providing the requested relief. Order, ECF No. 40. Notwithstanding the court's notice, Defendant did not respond to Plaintiffs' Motion. Although this District Court's Local Rules permit the court to treat as conceded a motion to which no response is filed, *see* LCvR 7(b), consistent with recent decisions from the D.C. Circuit the court will evaluate whether Plaintiffs have met their burden on the merits. *See Cohen v. Bd. of Trs. of*

---

[1] Defendant initially was represented by counsel in this matter. However, on July 6, 2017, the court granted counsel leave to withdraw because of extant bar disciplinary issues. Order, ECF No. 35. Since then, no attorney has entered an appearance on Defendant's behalf. That includes Bruce Lamb, the lawyer who apparently represented Defendant at a recent mediation session. *See* Pls.' Status Report, ECF No. 44. Plaintiffs notified Lamb of their pending motion at the November 7, 2017, mediation session, *see id.* at ¶ 9, but Lamb has yet to enter an appearance in this matter.

*Univ. of the Dist. of Columbia*, 819 F.3d 476, 481–83 (D.C. Cir. 2016) (expressing doubt about Circuit precedent allowing a court to treat a Rule 12(b)(6) motion as conceded); *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507–08 (D.C. Cir. 2016) (disallowing application of Local Civil Rule 7(b) to motions for summary judgment). The court need not, however, undertake that merits analysis with respect to Plaintiffs' request for entry of a default judgment under Rule 37, because the court finds that Plaintiffs are entitled to judgment on the pleadings under Rule 12(c).

I

Rule 12(c) allows for a motion for judgment on the pleadings "after the pleadings are closed" but "early enough to not to delay trial[.]" Fed. R. Civ. P. 12(c). "A motion brought under [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noted facts." *All. of Artists & Recording Cos., Inc. v. Gen. Motors Co.*, 162 F. Supp. 3d 8, 16 (D.D.C. 2016) (internal quotation marks and citation omitted). Because a Rule 12(c) motion summarily extinguishes litigation at the threshold, courts must treat such motions with "the greatest of care[.]" *Baumann v. Dist. of Columbia*, 744 F. Supp. 2d 216, 221 (D.D.C. 2010) (internal quotation marks and citation omitted). To prevail on such motion, "[t]he moving party must show that no material issue of fact remains to be solved and that it is entitled to judgment as a matter of law." *Judicial Watch, Inc. v. U.S. Dep't of Energy*, 888 F. Supp. 2d 189, 191 (D.D.C. 2012) (citation omitted). The court may rely on the pleadings, the exhibits to the pleadings, and any judicially noticeable facts to assess whether the movant has met its burden. *See Allen v. U.S. Dep't of Educ.*, 755 F. Supp. 2d 122, 125 (D.D.C. 2010).

II

With these standards in mind, the court turns to Plaintiffs' assertion that the undisputed factual record establishes the existence of an implied easement by reservation as a matter of law. Pls.' Mot. at 22–24; Compl., ECF No. 1 ¶¶ 45–46. Under the law of the District of Columbia, an implied easement can arise in one of two ways—by grant or reservation. *See Martin v. Bicknell*, 99 A.3d 705, 708 (D.C. 2014). "In the case of implied reservations of easement, the owner has subdivided but retained possession of the dominant estate, impliedly reserving use of a portion of the servient estate for his benefit." *Id.* To show the existence of an implied reservation of easement, "the owner of the dominant estate must show that the implied easement is strictly necessary." *Id.*

The court agrees with Plaintiffs that the undisputed factual record in this case establishes an implied easement by reservation in favor of Plaintiffs' unrestricted use of a shared waterline with Defendant. In support of that conclusion the court makes the following findings of fact. The parcel of property at issue in this case is within the 4300 block of Nannie Helen Burroughs Avenue, N.E., Washington, D.C. Plaintiff McDonald's Real Estate Company is the owner of property located at 4301 Nannie Burroughs Avenue, N.E. Mot. for TRO & Prelim. Inj., ECF No. 2, Decl. of Brain Tabb, ECF No. 2-2 [hereinafter Tabb Decl.], ¶ 3. At that location is a McDonald's franchise ("Restaurant"), which began operations in 1966. *Id.* ¶ 4. The site plan established a single water line and water meter that served both the Restaurant and an adjacent commercial property at 4309 Nannie Helen Burroughs Ave, N.E. ("4309 Property"). *Id.* ¶ 5. That shared water line still runs through the 4309 Property. *Id.* ¶ 6.

In 1974, Plaintiff McDonald's Real Estate Company's predecessor-in-interest sold the 4309 Property to Defendant for commercial use. *Id.* ¶ 7; Def.'s Answer, ECF No. 10 [hereinafter

Answer], Ex. A, ECF No. 10-1, at 2–10.[2] At the time of the sale, the parties agreed to install a separate sub-meter at the Restaurant to facilitate separate billing of water use by the Restaurant. Tabb Decl. ¶¶ 8–9; Answer, Ex. C, ECF No. 10-1, at 15, 18. Defendant has known since the date of purchase that the Restaurant relies on the shared water line for its operations. Answer, Ex. F, ECF No. 10-2, at 2–3.[3] And, although the parties have had disputes over their respective share of costs of municipal water usage, *id.* Exs. D–F, until recently Defendant has never challenged or interrupted the Restaurant's use of the water line, *id.* Ex. F.

The foregoing facts establish the necessary elements of an implied easement by reservation under District of Columbia law. When the 4309 Property was sold, Plaintiffs reserved use of the shared waterline for the benefit of its franchise operating on the adjacent property. Defendant was aware of Plaintiffs' use of the waterline and for decades did not dispute or interrupt the Restaurant's use of the waterline. Finally, Plaintiffs have shown strict necessity for the easement—without continued supply of water though the shared waterline, the Restaurant would not be able to operate. Plaintiffs therefore are entitled to judgment on the pleadings on their claim of an implied easement by reservation.

III

Having found in favor of Plaintiffs on the merits, all that remains is to fashion an appropriate remedy. Plaintiffs seek declaratory relief and to permanently enjoin Defendant from

---

[2] Pincites to the exhibits attached to the Answer refer to the electronically-generated pagination by CM/ECF.

[3] Exhibit F is a decision issued in *In re Willie Craft*, dated May 2, 2016, by the D.C. Water and Sewer Authority. The court takes judicial notice of the adjudicative facts set forth in that decision. *See* Fed. R. Evid. 201; *Peart v. Latham & Watkins LLP*, 985 F. Supp. 2d 72, 81 (D.D.C. 2013) (taking judicial notice of facts contained in agency letters from public agency proceedings). Furthermore, because Plaintiff relied on the decision and attached it to his now dismissed counterclaim, *see* Counterclaim, ECF No. 10 ¶ 15, the court presumes that Defendant does not dispute its factual findings.

interrupting or threatening to interrupt the Restaurant's use of the shared waterline. The court will grant the requested relief.

To warrant the issuance of a permanent injunction, the court must consider (1) the plaintiff's success on the merits, (2) whether the plaintiff would suffer irreparable harm absent an injunction, (3) the hardship that the defendant or others would suffer, and (4) the public interest. *See Breaking the Chain Found., Inc. v. Capitol Educ. Support, Inc.*, 589 F. Supp. 2d 25, 30 (D.D.C. 2008). In this case, all four factors warrant the entry of a permanent injunction. First, for the reasons already discussed, Plaintiffs have prevailed on the merits. Second, Plaintiffs would suffer irreparable harm if Defendant were permitted to discontinue or threaten to discontinue the Restaurant's use of the shared water line. It goes without saying that even a temporary shutting off of the water supply would have dire impacts for Plaintiffs' business operations, their ability to comply with the law, and their public standing. *See* Tabb Decl. ¶¶ 12–17. Third, a permanent injunction will result in no hardship for Defendant. Defendant simply will be required to continue to share a waterline with Plaintiffs, as he has for decades, and pay his share of the fees. Finally, the public interest favors a permanent injunction. The public would be ill-served if the Restaurant were to operate under the continued threat of a water shut off, when the Restaurant's legal right to use of the shared line is clearly established. Accordingly, the court will enter judgment in favor of Plaintiffs and grant the declaratory relief and permanent injunction that they seek.

IV

Finally, in light of the court's granting of Plaintiffs' motion for judgment on the pleadings, the court does not reach Plaintiffs' request for entry of a default judgment as a sanction under Rule 37. Plaintiffs, however, also have asked the court to award attorney's fees and costs as a sanction for Defendant's failure to comply with court orders and discovery deadlines. The court

5

will consider such a sanctions request if made with greater specificity, i.e., one that identifies the fees and costs requested. Such a motion shall be filed no later than December 21, 2017. Plaintiffs are reminded that any such request must pertain to the fees and costs "caused by" Defendant's violations of court orders or discovery misconduct. Fed. R. Civ. P. 37(b)(2)(C); *see also* Fed. R. Civ. P. 37(a)(5)(A) (permitting recovery of fees and costs "incurred in making the motion"); *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 n. 5 (2017).

V

For the foregoing reasons, the court grants Plaintiffs' Motion for Rule 37 Sanctions or in the Alternative for Judgment on the Pleadings.

A separate Order accompanies this Memorandum Opinion.

Dated: November 29, 2017

Amit P. Mehta
United States District Judge