# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **MCDONALD'S USA, LLC, et al.,** | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:17-cv-119 (APM) |
| **WILLIE T. CRAFT,** | ) | |
| Defendant. | ) | |

## ORDER

The court has reviewed the answers filed by counsel of record for Defendant Willie T. Craft in response to the court's Order to Show Cause, ECF No. 54. *See* Answer to Show Cause Order, ECF No. 55 (Lamb); Decl. of Alexander J.E. English in Resp. to Order to Show Cause, ECF No. 56. Neither response is satisfactory.

In this District Court, once a lawyer enters an appearance on behalf of a party, the lawyer has an obligation to represent the party's interests until the conclusion of the proceedings, unless the court permits the lawyer to withdraw. *See generally* LCvR 83.6. In this case, both Alexander J.E. English, who is a member of this court's bar, and Bruce Lamb, who was admitted pro hac vice, entered an appearance on Mr. Craft's behalf. Both now assert for different reasons that his obligation to Mr. Craft has come to an end and, for that reason, he did not file a response to Plaintiffs' Motion for Attorney's Fees and Costs. Mr. English explains that he entered his appearance solely to sponsor Mr. Lamb's pro hac vice appearance, and for no other purpose.

Mr. Lamb reports that Mr. Craft has directed him to stop working on his case and therefore did not respond to the Motion.

Neither explanation, however, justifies counsel's inaction in this matter.  Mr. English's Notice of Appearance does not indicate a limited purpose for his appearance, nor did the court approve any such limited appearance.  Mr. English also did not seek to withdraw his appearance after Mr. Lamb's pro hac motion was granted.  Thus, Mr. English's duty to Mr. Craft in this matter is neither terminated nor qualified in any way.  Moreover, to the extent Mr. English is under the impression that he had to enter an appearance in this matter to sponsor Mr. Lamb's motion for leave to appear pro hac vice, he is mistaken.  The Local Civil Rules do not require a bar member's entry of appearance to sponsor a non-member's pro hac vice application.  *See* LCvR 83.2(d) (requiring the sponsoring bar member only to sign the pro hac vice motion).  As for Mr. Lamb, while the court understands the predicament Mr. Craft placed him in by directing him to stop work, his silence as to the predicament is not acceptable.  What Mr. Lamb should have done is file a motion to withdraw.  Until such motion is granted, he remains obligated to carry out duties on behalf of Mr. Craft in this matter.

In any event, in light of counsel's responses, the court vacates the Order to Show Cause.  The stay as to Plaintiffs' Motion for Attorney's Fees and Costs is hereby lifted.  A response to that Motion shall be due no later than March 9, 2018, unless before that date counsel seeks to withdraw consistent with the requirements of Local Civil Rule 83.6.  If counsel fail to file a response or to seek withdrawal, the court will impose sanctions and make a referral to this District Court's Committee on Grievances.  *See* LCvR 83.14.

In addition to electronic service, a copy of this order shall be mailed to Messrs. English and Lamb. A copy of this order also shall be mailed directly to Defendant by the Clerk of Court.

Dated: February 23, 2018

Amit P. Mehta
United States District Judge