UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**MCDONALD'S USA, LLC et al.,**     )
                                    )
    **Plaintiffs,**    )
                                    )
    v.                 )    Case No. 17-cv-00119 (APM)
                                    )
**WILLIE T. CRAFT,**                )
                                    )
    **Defendant.**     )
_____ )

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' McDonald's USA, LLC, and McDonald's Real Estate Company Motion for Attorney's Fees and Costs. *See* Pls.' Mot. for Att'y's Fees & Costs, ECF No. 47 [hereinafter Pls.' Mot.]. Plaintiffs request an order awarding them "all 'fees and costs "caused by" Defendant[']s violation of court orders or discovery misconduct' in the amount of $29,053.48." *Id.* at 1. Plaintiffs identify four categories of disobedience and other discovery misconduct for which they seek to recover fees and costs: (1) motions practice related to Defendant Willie Craft's discovery misconduct, including the drafting of Plaintiffs' Motion for Sanctions; (2) efforts to obtain discovery from Defendant before engaging in motions practice; (3) preparation for and attendance at mediation sessions that were fruitless; and (4) preparation of status reports due to Defendant's failure to participate in litigation. *See id.* at 12. Defendant opposes Plaintiffs' demand in full. *See* Def.'s Opp'n to Pls.' Mot. for Att'y's Fees & Costs, ECF No. 66, Def.'s Mem. of Points & Authorities, ECF No. 66-1 [hereinafter Def.'s Mem.].

For the reasons set forth below, Plaintiffs' Motion for Attorneys' Fees and Costs is denied.

I.

This case presents the unique factual situation of a defendant who began this case represented by counsel, but then proceeded pro se for a period of time because bar disciplinary issues forced his counsel to withdraw. The case began on January 18, 2017, with the filing of a complaint and an emergency request for a temporary restraining order, which the court granted. *See* Compl., ECF No. 1; Mot. for TRO, ECF No. 2; Order, ECF No. 4. Defense counsel first entered an appearance on February 10, 2017, filing both a motion to dismiss and an answer. *See* Def.'s Mot. to Dismiss, ECF No. 9; Answer and Counterclaim, ECF No. 10. Soon thereafter, the court granted Plaintiffs' motion for preliminary injunction, *see* Order, ECF No. 14, and denied Defendant's motion to dismiss, *see* Mem. Op. & Order, ECF No. 16. The court then entered a scheduling order on April 5, 2017, which required the parties to make Rule 26(a) initial disclosures on or before May 5, 2017. *See* Order, ECF No. 25.

Unbeknownst to all, including Defendant, during the early stages of this case, defense counsel was laboring under a cloud of disciplinary action. The first hint of this came on June 1, 2017, when counsel filed a motion to withdraw and obliquely referenced a "suspension of license proceedings at the D.C. Bar," which he claimed required him to withdraw from this matter. *See* Def.'s Mot. to Withdraw as Att'y, ECF No. 30. The court denied counsel's motion the following day because he had failed to comply with Rule 83.6 of the Local Civil Rules. *See* Minute Order, June 2, 2017. The court then heard nothing from defense counsel. Over a month later, on July 5, 2017, Plaintiffs filed a Status Report that attached a letter from defense counsel, dated May 27, 2017. *See* Pls.' Status Report, ECF No. 34, Attach. 1, ECF No. 34-1. The letter stated that "this Court" had suspended defense counsel on April 27, 2017, thereby requiring him to withdraw. *Id.* The court, through its own research, learned that the District Court for the District of Maryland

disbarred counsel on February 1, 2017, and the District of Columbia Court of Appeals suspended counsel from the practice of law on April 26, 2017, pending further proceedings. *See* Order, ECF No. 35, at 1–2. In light of these findings, on July 6, 2017, the court granted counsel's motion to withdraw and advised Defendant that he "may retain new counsel or he may proceed pro se." *Id.* at 2.

Moreover, at the time of the court's order granting counsel's motion to withdraw, Plaintiffs had not received any initial disclosures from Defendant, even though the deadline to exchange such disclosures had passed on May 5, 2017. Because of his counsel's withdrawal, the court also extended the deadline for Defendant to make initial disclosures to July 27, 2017. *Id.* The court warned Defendant that, if he failed to comply, the court would consider sanctions under Rule 37, including possible entry of default. *Id.*

On August 3, 2017, the court received from Defendant, proceeding pro se, a document titled "Defendant's Response to Plaintiff's Request for Rule 26 Initial Disclosures." *See* ECF No. 38. In the Response, Defendant explained that he had not yet retained new counsel, requested additional time to do so, and stated that he did not "have the information necessary to provide the initial disclosures." *Id.* at 2. Defendant, however, did provide some of the information required by Rule 26(a), as he listed seven people "who may have discoverable information": four named individuals and three identified generically as representatives of "D.C. WASA." *Id.* Defendant asked for an additional 30 days to obtain counsel. *See id.*

Thirty days came and went and no defense counsel entered an appearance on Defendant's behalf. Consequently, on September 6, 2017, after receiving no more initial disclosures from Defendant, Plaintiffs filed a "Motion for Rule 37 Sanctions or in the Alternative for Judgment on the Pleadings." *See* ECF No. 39. Defendant never responded to the motion. On November 29,

3

2017, the court granted Plaintiffs' request to enter judgment for Plaintiffs on the pleadings. *See* Mem. Op., ECF No. 45; Order, ECF No. 46.

Meanwhile, in parallel with the foregoing, the parties attempted to resolve their dispute through court-facilitated mediation. On April 5, 2017, at the parties' request—defense counsel at the time remained in the case—the court referred the matter to a Magistrate Judge for mediation. *See* Minute Order, Apr. 5, 2017. Efforts to mediate sputtered at first, largely because defense counsel would not confer with Plaintiffs' counsel about scheduling. *See* Status Reports, ECF Nos. 27, 29, 33. Eventually, the parties appeared in front of Magistrate Judge Robinson on November 7, 2017. *See* Status Report, ECF No. 44, at 1. But that session went nowhere, as Defendant appeared with a new lawyer—Bruce Lamb—who had not yet entered an appearance in this matter, claimed to have been retained only the prior week, and asserted that he was not prepared for the mediation. *See id.* at 2. Additionally, at the mediation, Defendant took the position that he did not yet know what it would take to resolve the case. *Id.* No further mediation efforts took place after November 7, 2017.

II.

Plaintiffs' demand for fees and costs arises solely under Federal Rule of Civil Procedure 37(b)(2)(C). *See* Pls. Mot.' at 11–12.[1] That rule provides that, in the event of a failure to obey a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.

---

[1] Plaintiffs also cite to Rule 37(a)(5)(A). *See* Pls.' Mot. at 12. That rule does not apply, however, because it pertains only to the payment of expenses if a discovery motion is granted or discovery is supplied after the motion's filing. *See* Fed. R. Civ. P. 37(a)(5)(A). Here, the court did not grant a discovery motion—rather, it granted Plaintiffs' motion for judgment on the pleadings, *see* Mem. Op., ECF No. 45—and, to the court's knowledge, Defendant did not provide discovery after Plaintiffs filed their motion for sanctions. Accordingly, Plaintiffs' Motion arises only under Rule 37(b)(2)(C).

4

R. Civ. P. 37(b)(2)(C). As is evident from its text, Rule 37(b)(2)(C) draws a distinction between the client and the attorney. *See Weisberg v. Webster*, 749 F.2d 864, 873–74 (D.C. Cir. 1984). The rule "places the responsibility of apportioning awards of expenses between client and counsel with the trial court." *Id.* at 874. The trial court must determine "how much responsibility is due to the client's recalcitrance and how much to the lawyer's condonance or participation in the client's disobedience." *Id.* If the court awards fees, it must make findings that justify the apportionment of the award, if any, as between the lawyer and client. *See Confederate Mem'l Ass'n v. Hines*, 995 F.2d 295, 301 (D.C. Cir. 1993).

## III.

Plaintiffs identify four categories of work as to which they seek to recover attorney's fees and costs: (1) motions practice related to Defendant's discovery misconduct, including the drafting of Plaintiffs' Rule 37 motion seeking sanctions; (2) efforts short of motions practice to obtain discovery from Defendant; (3) preparation for and attendance at the failed mediation; and (4) drafting of multiple status reports concerning Defendant's failure to participate in litigation. *See* Pls.' Mot. at 12. As to each category, Plaintiffs' counsel has submitted a spreadsheet detailing the time spent on various tasks. *See* Pls.' Mot., Ex. A, Decl. of Joseph J. Bottiglieri, ECF No. 47-2.

The court begins with the thorny issue of whether to hold Defendant responsible for fees and costs incurred during the period *before* the court granted his former counsel's motion to withdraw on July 6, 2017. Judge Friedman in *Bradshaw v. Vilsack*, 286 F.R.D. 133 (D.D.C. 2012), faced a similar problem. There, as here, one of the party's counsel—in that case, the plaintiff's—faced disciplinary action during the course of litigation that prevented him from continuing to represent the plaintiff. *See id.* at 139. Thereafter, unable to find replacement counsel, the plaintiff

elected to proceed pro se and, during that time, failed to comply with a discovery order, prompting the defendants to file a motion for sanctions. *See id.* As part of their motion for sanctions, the defendants sought under Rule 37(b)(2)(C) "an award of attorneys' fees and expenses associated with the filing of their motion for sanctions." *Id.* at 144. Judge Friedman denied the request, finding that, under the circumstances of that case, "imposing a monetary penalty on th[e] now pro se plaintiff for the misdeeds of his attorney would be unjust." *Id.* He observed, however, that monetary sanctions—although not yet requested—would be appropriate against the plaintiff's former lawyer for the "cost, inconvenience, and difficulty that his professional misconduct ha[d] imposed on the defendants, the Court, and his own former client," and invited the defendants to re-file their motion against counsel. *Id.*

This court concurs with Judge Friedman's approach in *Bradshaw*. Here, too, imposing fees and costs against Defendant for the misdeeds of his former counsel would be "unjust." *See* Fed. R. Civ. P. 37(b)(2)(C). Although Plaintiffs assert that Defendant chose his counsel and therefore should bear equal responsibility for his misconduct, *see* Pls.' Reply Br., ECF No. 69, at 3–4, the court finds little evidence on the record that Defendant knew that, while represented, his counsel had been disciplined and had stopped working on his behalf. Indeed, Defendant expressly avers that he was not aware of his counsel's misconduct in this case and only found out about it for the first time on or about June 1, 2017. *See* Def.'s Mem. at 2–3. The court has no reason to question that representation. The circuit law is clear that when considering a motion under Rule 37, a trial court must distinguish between the actions of counsel and the client. *See Weisberg*, 749 F.2d at 874. Here, the court cannot say that Defendant's conduct before July 6, 2017, caused Plaintiffs to incur unnecessary fees and costs in chasing discovery. Accordingly, the court denies the motion insofar as it seeks from Defendant fees and costs incurred before July 6, 2017.

Of course, Defendant proceeded pro se after July 6, 2017, and his pro se status does not immunize him from Rule 37 sanctions. *Cf. Akers v. Beal Bank*, 760 F. Supp. 2d 1, 4 (D.D.C. 2011) (observing that "a pro se plaintiff" does not "carry a 'license . . . to ignore the Federal Rules of Civil Procedure.'" (alteration in original) (quoting *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993))). The court finds, however, that during his time as a pro se litigant, Defendant did not display the type of recalcitrance that would justify awarding fees. On July 6, 2017, when the court allowed counsel to withdraw and notified Defendant that he no longer was represented by counsel, the court warned Defendant that if he did not provide initial disclosures to Plaintiffs by July 27, 2017, he could face sanctions, including possible entry of a default judgment. *See* Order, ECF No. 35, at 2. Defendant responded to the court's order by the deadline, mailing a "Response to Plaintiff's Request for Rule 26 Initial Disclosures" on that date. *See* ECF No. 38. While far from a comprehensive Rule 26(a) disclosure, Defendant did identify some witnesses with knowledge, as required by Rule 26(a)(1)(A)(i), thus exhibiting some effort at compliance. Additionally, he asked for 30 more days to secure counsel and make disclosures. Although no counsel entered an appearance within the next 30 days and Defendant appears not to have made any additional disclosures in that time, the court shortly thereafter entered judgment on the pleadings in favor of Plaintiffs, thereby ending the need for discovery. *See* Mem. Op., ECF No. 45; Order, ECF No. 46. The court understands the frustration that Plaintiffs have experienced in this matter. In the end, however, the court finds that the fees and costs that they incurred are largely attributable to the misdeeds of Defendant's former counsel. Under the circumstances, it would be unjust to levy a fees award against Defendant.

Before concluding, the court also denies Plaintiffs' sanctions request, as to some categories, on another ground: Plaintiffs do not seek fees and costs associated with disobedience of a

7

discovery order, as required under Rule 37(b)(2)(C).  For example, all fees and costs associated with the failed mediation cannot be recovered under Rule 37(b)(2)(C).  In any event, in view of the court's holding above, the court need not flyspeck Plaintiffs' counsel's fees charts to determine what work is attributable to events other than discovery disobedience.

IV.

For the foregoing reasons, Plaintiffs' Motion for Attorney's Fees and Costs, ECF No. 47, is denied.  Additionally, Plaintiffs' Motion to Strike Defendant's Surreply, ECF No. 72, is denied as moot.

This is a final, appealable Order.

Dated:  June 25, 2018

Amit P. Mehta
United States District Judge